# 98 DTA 144

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO-UTUADO

HON. CESAR J. ALMODOVAR MARCHANY,
SECRETARIO DEL DEPTO. DEL TRABAJO Y RECURSOS HUMANOS
EN REP. Y PARA BENEFICIO DE: VICTOR M. OQUENDO RIVERA
Querellante-Apelante

v.

ALL PLASTIC PRODUCTS, INC.
Querellada-Apelada

Núm. KLAN-98-00035

San Juan, Puerto Rico, a 26 de marzo de 1998

Panel integrado por su Presidenta, Jueza Rivera de Martínez,
y los Jueces Rivera Pérez y Soler Aquino

Soler Aquino, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

La parte querellante solicita apelación de una sentencia del Tribunal de Primera Instancia dictada el 3 de noviembre de 1997 y notificada a las partes el 10 de diciembre de 1997. De esta acudió oportunamente ante nos el 13 de enero de 1998.

Plantea la parte apelante que el foro recurrido erró al determinar que el patrono querellado no tenía obligación de reponer al querellante en su empleo y al aplicar en este caso la doctrina establecida en *Torres González v. Star Kist Caribe,* **94 J.T.S. 5.**

La querella de título está basada en una reclamación al amparo del Artículo 5 A de la Ley Número 145 del 18 de abril de 1935. El artículo citado impone al patrono de un obrero que se encuentra inhabilitado para trabajar, la obligación de reservarle su empleo una vez cesa la incapacidad, siempre y cuando cumpla con las condiciones establecidas en la ley. A estos efectos, el patrono viene obligado a reservar el empleo que ocupaba el obrero al momento de ocurrir el accidente si: (1) éste requiere la reposición en su empleo dentro del término de quince (15) días contados a partir de la fecha en que fue dado de alta y siempre y cuando dicho requerimiento no se haya hecho después de transcurridos doce (12) meses de la fecha del accidente; (2) el obrero o empleado esté mental y físicamente capacitado para ocupar dicho empleo en el momento en que solicite del patrono su reposición; (3) el empleo subsista en el momento en que el empleado solicitó la reposición. Del patrono no cumplir con su obligación, estará obligado a pagar al obrero o a sus beneficiarios los salarios que el primero hubiera devengado de haber sido reinstalado y los daños ocasionados.

En *Torres v. Star Kist Caribe Inc.,* **94 J.T.S. 5,** el Tribunal Supremo resolvió que el obrero lesionado tiene que solicitar a su patrono la reinstalación en el empleo, dentro de los doce (12) meses contados a partir de la fecha en que ocurrió el accidente o enfermedad laboral. Transcurrido ese término, el patrono puede despedir al empleado, si éste no ha sido dado de alta por el Fondo del Seguro del Estado. No existe en la ley una intención legislativa de imponer al patrono la obligación de reservar el empleo indefinidamente, sino la de lograr un balance adecuado entre los derechos del patrono y los del empleado lesionado. Aunque la Ley de Compensaciones por Accidentes del Trabajo debe de interpretarse con liberalidad a favor del obrero lesionado, no derrota el postulado de que cuando la letra de la ley es clara y libre de toda ambiguedad su texto no puede ser menospreciado.

En la opinión citada se reconoce que la determinación del Fondo del Seguro del Estado autorizando a un obrero a trabajar mientras recibe tratamiento (CT), no constituye el alta definitiva que dispone el Artículo 5 A de la Ley Núm. 45 del 18 de abril de 1935. El regreso temporal de un empleado a su puesto no interrumpe el término de 12 meses para que el patrono obligatoriamente reserve el empleo, de modo que el hecho de que un empleado que se encuentra incapacitado temporalmente por razón de enfermedad o accidente ocupacional regrese al trabajo mientras recibe continuación de tratamiento por el Fondo del Seguro del Estado, no tiene el efecto de interrumpir el término de doce (12) meses establecido en el Artículo 5 A de la Ley de Compensaciones por Accidentes del Trabajo. Este plazo de caducidad de 360 días no puede interrumpirse en forma alguna.

En el caso de autos, el foro recurrido declaró NO HA LUGAR la demanda, por haber expirado el término de doce (12) meses establecido en ley para que un obrero lesionado acogido a los beneficios del Fondo del Seguro del Estado solicite a su patrono la reinstalación en el empleo. Es de esta determinación que se recurre ante nos.

El querellante comenzó a trabajar para el patrono querellado el 21 de julio de 1992. El 1ro. de agosto de 1992 sufrió un accidente en el trabajo, por el cual se reportó al Fondo del Seguro del Estado. El 3 de agosto de 1992 el Fondo determinó que necesitaba tratamiento en descanso.

Así las cosas, el 8 de julio de 1993 fue dado de alta provisionalmente y el 14 de febrero de 1994 recibió el alta definitiva. El Tribunal de Primera Instancia determinó como un hecho establecido, que aunque el querellante alegó que había solicitado la reinstalación en el empleo luego de haber recibido el alta provisional, también aceptó que no regresó a reclamarlo una vez obtenido el alta permanente.

A base de estos hechos concluimos que el foro recurrido actuó correctamente al desestimar la querella de autos. El término de caducidad de un (1) año para que un obrero lesionado solicite su reinstalación en el empleo se comienza a contar a partir de la ocurrencia del accidente en el trabajo. Dicho plazo no puede ser interrumpido por un alta provisional. En este caso el accidente ocurrió el 1 de agosto de 1992, por lo que el término de doce (12) meses venció el 26 de julio de 1993. El querellante fue dado de alta el 14 de febrero de 1994. A esta fecha había transcurrido más de un (1) año de la ocurrencia del accidente. No existía obligación alguna por parte del patrono para reservarle su empleo. Aun en el supuesto de que hubiese recibido el alta permanente antes de haber transcurrido el término del año en que el patrono tenía la obligación de reservarle su empleo, el propio querellante admitió que no solicitó la reinstalación.

Por todas las razones antes expuestas y de conformidad al derecho citado se confirma la sentencia recurrida.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

**ESCOLIO 98 DTA 144**

**1.** *Torres v. Star Kist, supra.*